IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE ERGO BABY CARRIER, INC, <br><br> Plaintiff, <br><br> vs <br><br> BABYBJÖRN AB, <br><br> Defendant. | Case No. 6:24-cv-0083-DAE |
| THE ERGO BABY CARRIER, INC, <br><br> Counter-Defendant, <br><br> vs <br><br> BABYBJÖRN AB, <br><br> Counter-Plaintiff. | |

**COMBINED JOINT FRCP 26 REPORT & SCHEDULING RECOMMENDATIONS**

Plaintiff The Ergo Baby Carrier, Inc. ("Ergobaby") and Defendant BabyBjorn AB ("BabyBjorn") (collectively, the "parties") hereby submit this Joint Federal Rule of Civil Procedure 26 Report and Scheduling Recommendations.

Plaintiff Ergobaby has alleged that BabyBjorn infringes one or more claims of U.S. Patent No. 11,786,055 ("the '055 Patent") either literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing in or into the United States its Baby Carrier Mini and Baby Carrier Free products.

Defendant BabyBjorn has asserted affirmative defenses to Ergobaby's allegations of infringement, as well as counterclaims for declaratory judgment of non-infringement, invalidity, and unenforceability as to the '055 Patent.

1

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case:

1. The parties met and conferred pursuant to Rule 26(f) on July 18, 2024.

2. There are no outstanding jurisdictional issues and no unserved parties at this time.

3. The parties mediated this dispute on July 2, 2024, in Norwalk, CT. The mediation was unsuccessful in resolving the claims in this case. The parties exchanged written offers of settlement during the mediation. The parties will file a Final ADR Report in compliance with Local Rule CV-88(g).

4. To date, no discovery has been completed in this litigation. The parties are determining and/or discussing the subjects on which discovery may be needed. The parties shall serve Initial Disclosures per Rule 26(a) by August 9, 2024, identifying, *inter alia*, individuals likely to have discoverable information and documents that the parties may use to support their respective claims or defenses.

5. The parties understand their obligations to preserve discoverable data. The parties are in the process of negotiating a proposed Protective Order and an ESI Production Protocol for this action and anticipate filing both for the Court's consideration no later than August 16, 2024. In the meantime, the parties agree that any documents produced prior to the entry of such a protective order will be treated as "Confidential – Attorneys' Eyes Only," and access to such documents shall be restricted to counsel of record for the parties in this action. The parties agree that the lack of a court-ordered protective order is not a basis to withhold documents responsive to any discovery request.

6. Plaintiff shall serve preliminary infringement contentions by August 30, 2024. These contentions should at least include (1) identification of the claims allegedly infringed, (2) a

chart setting forth where in the Accused Products each element of the Asserted Claim(s) are found, whether literally or under the doctrine of equivalents, (3) an explanation for the infringement under the doctrine of equivalents for each claim limitation so alleged, to the extent known, (4) the priority dates Plaintiff contends each Asserted Claim is entitled to, (5) production of all documents alleged to show conception and reduction to practice of the invention recited in each Asserted Claim and a copy of the file history for each asserted patent, and (6) an explanation for the basis for willfulness. These contentions may be seasonably amended prior to the deadline for Final Contentions without leave of Court; the opposing Party shall bear the burden to prove prejudice regarding such amendments.

7. Defendant shall serve preliminary unenforceability and invalidity contentions by September 13, 2024. These contentions should at least include (1) a chart setting forth where in the prior art references, sale, or public use each element of the Asserted Claim(s) are found, (2) any identification of any limitations Defendant contends are indefinite or lack written description under 35 U.S.C. § 112, (3) an identification of any anticipation and/or explanation of obviousness arguments, (4) an identification of any claims Defendant contends are directed to ineligible subject matter under 35 U.S.C. § 101, and (5) an identification of which Asserted Claims Defendant alleges are unenforceable and the bases therefore. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents sufficient to show the operation of the Accused Products. These contentions must be seasonably amended prior to the deadline for Final Contentions without leave of Court if new information is presented that the amending party feels warrants amendment; the opposing Party shall bear the burden to prove prejudice regarding such amendments.

8. The parties shall exchange terms for construction on September 20, 2024.

9. The parties shall thereafter meet and confer to narrow the number of terms in dispute to 10 terms for construction, and then exchange proposed claim constructions and provide a preliminary identification of extrinsic evidence they contend supports their respective claim constructions or indefiniteness positions by November 22, 2024. With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. The Parties shall also identify any witnesses they contend supports their respective claim constructions, including experts, and for any such witnesses, a brief description of the substance of that witnesses' anticipated testimony. The foregoing shall not apply to any rebuttal witnesses (including rebuttal expert witnesses) either party may utilize in response to the other party's opening claim construction brief. Such rebuttal witnesses may be utilized in connection with a party's responsive claim construction brief without being disclosed prior to the filing of the responsive claim construction brief.

10. The parties shall complete and file a Joint Claim Construction Statement by January 24, 2025. The Joint Claim Construction Statement shall include: (1) The construction of those claim terms, phrases, or clauses on which the parties agree; (2) each party's proposed claim construction or indefiniteness position for each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that position, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its position or to oppose any other party's position, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and any witnesses (including experts) required to be disclosed pursuant to Section 8; (3) the anticipated length of time necessary for the Claim Construction Hearing; (4) whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing and

the identity of each such witness; and (5) a list of any other issues which might appropriately be taken up at a prehearing conference prior to the Claim Construction Hearing, and proposed dates, if not previously set, for any such prehearing conference.

11. The parties shall file all motions to amend or supplement pleadings or to join additional parties by December 20, 2024.

12. The parties shall submit technical tutorials, if any, by February 17, 2025.

13. The parties shall file simultaneous opening claim construction briefs by February 17, 2025. The briefs shall not exceed 25 pages in length, excluding the caption, the signature block, any certificate, and any exhibits or other accompanying documents. If a party offers a sworn declaration of a witness to support its claim construction, the party must promptly make the witness available for deposition, if the opposing party desires.

14. The parties shall file simultaneous responsive claim construction briefs by March 17, 2025. The briefs shall not exceed 25 pages in length, excluding the caption, the signature block, any certificate, and any exhibits or other accompanying documents. If a party offers a sworn declaration of a witness in conjunction with its responsive brief, the party must promptly make the witness available for deposition, if the opposing party desires.

15. The parties shall submit a joint claim construction chart by March 31, 2025. The joint claim construction chart shall have a column listing complete language of disputed claims with disputed terms in bold type and separate columns for each party's proposed construction of each disputed term. The chart shall also include a fourth column entitled "Court's Construction" and otherwise left blank. Additionally, the chart shall also direct the Court's attention to the patent and claim number(s) where the disputed term(s) appear(s). The parties may also include constructions for claim terms to which they have agreed. If the parties choose to include agreed

constructions, each party's proposed construction columns shall state "[AGREED]" and the agreed construction shall be inserted in the "Court's Construction" column.

16. The *Markman* hearing will be set by the Court after claim construction briefing is completed.

17. Plaintiff shall serve Final Infringement Contentions in view of the Court's *Markman* Order by no later than 3 weeks after the Court issues its *Markman* Order. Defendant shall serve Final Unenforceability and Invalidity Contentions in view of the Court's *Markman* Order, and disclose the assertion of advice of counsel as a defense, by no later than 3 weeks after receiving Plaintiff's Final Infringement Contentions. The parties' final contentions may address any issue addressed in the Court's *Markman* Order or in response to any change in the opposing party's position. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to timely amend if new information is identified after initial contentions.

18. Deadline for the parties to submit a status update to the Court regarding efforts to meet and confer to discuss narrowing the number of claims asserted and prior art references at issue is no later than 8 weeks after the Court issues its *Markman* Order.

19. The parties shall complete all Fact Discovery on or before 14 weeks after the Court issues its *Markman* Order. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

20. The party with the burden of proof shall serve Opening Expert Reports no later than 16 weeks after the Court issues its *Markman* Order.

21. All Rebuttal Expert Reports shall be served no later than 20 weeks after the Court issues its *Markman* Order.

22. Expert Discovery shall close 24 weeks after the Court issues its *Markman* Order.

23. All dispositive motions shall be filed no later than 27 weeks after the Court issues its *Markman* Order. Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive motions shall be limited to twenty pages in length, excluding the caption, the signature block, any certificate, and any exhibits or other accompanying documents. Replies, if any, shall be limited to ten pages in length, excluding the caption, the signature block, any certificate, and any exhibits or other accompanying documents, in accordance with Local Rule CV-7(e). If parties elect not to file dispositive motions, they must contact the courtroom deputy on or before this deadline in order to set a trial date.

24. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection, and identifying the objectionable testimony, within 27 weeks after the Court issues its *Markman* Order.

25. All responsive briefs regarding dispositive motions and expert challenges shall be filed no later than 31 weeks after the Court issues its *Markman* Order. Responsive briefs shall not exceed 20 pages in length, excluding the caption, the signature block, any certificate, and any exhibits or other accompanying documents.

26. All reply briefs regarding dispositive motions and expert challenges shall be filed no later than 33 weeks after the Court issues its *Markman* Order. Reply briefs shall not exceed 10 pages in length, excluding the caption, the signature block, any certificate, and any exhibits or other accompanying documents.

27.     If required, the hearing on dispositive motions and expert challenges will be set by the Court after all responses and replies have been filed.

28.     The trial date will be determined at a later date by the Court. The parties shall consult Local Rule CV-16(e)-(g) regarding matters to be filed in advance of trial. At the time the trial date is set, the Court will also set the deadline for the filing of matters in advance of trial.

29.     All of the parties who have appeared in the action conferred concerning the contents of the proposed scheduling order on July 18, 2024, and the parties have agreed as to its contents.

Dated: July 29, 2024                                    Respectfully submitted,

LATHROP GPM LLP                                         DORSEY & WHITNEY LLP

By: */s/ Luke M. Meriwether*                            By: */s/ Mark A. Miller*
    Travis W. McCallon* MO #56979                   Mark A. Miller (*Admitted*)
    Luke M. Meriwether* MO #59915                    Utah Reg. No. 9563
    Eric D. Sidler* MO #69531                        Elliot J. Hales (*Admitted*)
    2345 Grand Blvd., Ste. 2200                      Utah Reg. No. 16684
    Kansas City, MO 64108                            111 S. State Street, Suite 2100
    Tel: (816) 292-2000                              Salt Lake City, Utah 84111
    Fax: (816) 292-2001                              Tel: (801) 933-7360
    Travis.McCallon@LathropGPM.com                   Fax: (801) 933-7373
    Luke.Meriwether@LathropGPM.com                   Miller.Mark@Dorsey.com
    Eric.Sidler@LathropGPM.com                       Hales.Elliot@Dorsey.com
    (*Admitted *Pro Hac Vice*)

                                                     Paige Arnett Amstutz, TX #00796136
    Alex Shtraym, TX #24124605                       SCOTT DOUGLASS & MCCONNICO LLP
    2101 Cedar Springs Road, Suite 1400              303 Colorado Street, Suite 2400
    Dallas, TX 75201-2134                            Austin, TX 79701
    Tel: (469) 983-6028                              Tel: (512) 495-6300
    Fax: (469) 983-6101                              Fax: (512) 495-6399
    Alex.Shtraym@LathropGPM.com                      PamStutz@ScottDoug.com

*Attorneys for Plaintiff/Counter-Defendant*             *Attorneys for Defendant BabyBjörn AB*
*The Ergo Baby Carrier, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 29th day of July, 2024, a true and correct copy of the foregoing was filed with the Clerk of Court and served upon the Defendant via the Notice of Electronic Filing sent via electronic mail to the following counsel of record.

| | |
|---|---|
| Page Arnette Amstutz<br>SCOTT DOUGLASS & MCCONNICO LLP | pamstutz@scottdoug.com |
| Mark A. Miller<br>Elliott J. Hales<br>DORSEY & WHITNEY LLP | miller.mark@dorsey.com<br>hales.elliot@dorsey.com |

*ATTORNEYS FOR DEFENDANT/*
*COUNTER-PLAINTIFF*

                                                       */s/ Luke M. Meriwether*
                                                       *Attorney for Plaintiff/Counter-Defendant*
                                                       *The Ergo Baby Carrier, Inc.*

64186662v3